Mr. Grubb was charged with possessing a firearm while being a user of marijuana. Under this Court's decisions in Beasley v. Cooper, the incident prosecution violated Mr. Grubb's Second Amendment rights as applied to him, and therefore this Court should reverse the denial of the motion to dismiss. Alternatively, this Court should remand to the District Court to further develop a record on Mr. Grubb's as-applied challenge as it recently did in the Baxter case. I've also raised a facial challenge for obvious reasons today. I'll focus on the as-applied challenge. But our initial position is that the evidence is sufficient to rule on this as-applied challenge based upon the stipulated facts in the plea agreement. Under the proper framework for an as-applied challenge on Beasley v. Cooper, this Court identified two comparable analogs to 922G3, confinement of the mentally ill and the criminal prohibition on taking up arms to terrify people. As to the first analog, the mentally ill analog, individuals who were violent due to their mental illness were subject to disarmament. So therefore, the question from Cooper is whether using marijuana made Mr. Grubb act like someone who is both mentally ill and violent. There is no evidence that his use of marijuana made him act mentally ill or violent. There's no evidence that people who generally use marijuana then become, act like they are mentally ill or violent. As to the second analog, terror of the people, this requires terrorizing behavior accompanying the firearm possession. So the question again we have from Cooper is, did Mr. Grubb induce terror with a firearm or pose a credible threat of safety to others with a firearm? As discussed in the brief, a user of marijuana is exceedingly unlikely to threaten violence or cause terror, and there is no evidence that Mr. Grubb caused terror with a firearm in this case. Why isn't this an improper Rule 12 decision by the judge? As far as ruling on the as-applied challenge? The court determined it had facts to rule upon it. I know. I know that's what the judge determined, but I'm asking why isn't that wrong? Because the government's entitled to a trial. So I would disagree with the rule, that interpretation of Turner, that for any as-applied challenge, you have to go to trial. That's not what Turner said. Well, the Baxter case talks about cases where the parties agree. This is not that case, as I understand that the government objected to a pretrial ruling. Isn't that right? And then there were stipulated facts in the plea agreement.  And I would, oops, sorry. But my question is, why isn't it improper to rule without a trial if the government says it's premature and the plea agreement is not the entirety of the record? So I would start off by answering this question by noting that it is their burden under Bruin to establish that it is constitutional. So it's troubling to say, well, there's no evidence, when it's their burden to put on the evidence when we raise these constitutional challenges. But why do they have to put on the evidence in a pretrial motion context? So Turner doesn't require that it be a trial only. And Baxter said you can stipulate to facts. And our position is that we did stipulate to facts here that would be sufficient to rule on for an as-applied challenge. If the government wanted to put on additional evidence, put on additional historical analogs, they should have done so. And Turner even acknowledges that in as-applied challenges, district courts aren't limited to the pleadings themselves. So to say it makes sense in an as-applied challenge, additionally, when you're talking about vagueness, to say this is completely intertwined with the vagueness challenge, whether it's vague is going to go to the elements, we have to have a trial. It does not make sense to say that in a 922G3 Second Amendment challenge. Because, and this is maybe going off the field and you could tell me of your question, but to say, we'll go to trial, we'll be resolved there. It won't. Because this question, as we know from Viesling Cooper, is about dangerousness. You go to trial on a firearm possession case, as a defense attorney, you don't want that. You don't want that to be what is being talked about in front of the jury. And you're arguing that's irrelevant. But if that's what the position the court takes, is if you want to preserve this as-applied challenge, you have to go to trial. Then that puts the defendants in a position of, do I have to agree to all of this evidence and all of this discussion on things that aren't relevant in user and possession cases, so that I can get a ruling on my as-applied challenge? It really creates an impossible situation, especially when we're considering the fact that it is their burden to establish that this comports with the Second Amendment. What authority do you have that says the government has a burden in response to a motion to dismiss to try the case and put on all of its evidence? So I don't have any support that they have, once we file that motion, they have to try the case and put on all this evidence. Isn't that the rule you're asking for, though? I think that's the rule you're proposing. So what I'm proposing is that it not just be trial or nothing. Right, and that to court not to say, if you file this motion, if there's stipulated facts, and then the government's going to say, well, that's not enough, then to say we automatically lose unless we go to trial, considering it is their burden. Here we have a plea agreement where we did stipulate to facts, and we did agree to things, and he preserved his right. The government didn't put in this conditional plea that they drafted, they didn't limit it to a facial challenge. They agreed that he had preserved this as-applied challenge. To then come back, when you have the burden to prove this, and I'm relying on Bruin, and also Daniels from the Fifth Circuit discussed this as well, that it is the government's burden to put on these analogs, to put on these evidence, to then say, well, yes, we didn't put on the evidence, but it's not enough. Well, I wanted to ask you about that. So government definitely has the burden on the analogs. No question about it. Bruin, Rahimi, all those cases are very clear. But I wonder whether at that point, and I don't think either case addresses this, but you can tell me if I'm wrong. I wonder if at that point the defendant has to prove that he is within one of those, or outside one of those analogs. I don't know if the Court addresses that, and quite frankly, I have not seen that. I've not seen, and I, you know, any evidence on what the burden of proof is, whether the judge has to find it beyond a reasonable doubt, or what the standard is. I just don't know, and I haven't seen any case on that. Our position would be, we've stipulated to the facts that are necessary to prove a conviction for this case. So we have those before the Court. The Court made a ruling on that. If the government is saying, well, there should have been more put in, then the government, who, and I will note, did not cross-appeal or challenge in their brief that it was wrong for the district court to rule on this as-applied challenge. Yeah, they did. They didn't have to cross-appeal, but they argued that it was wrong. I don't know that they... Right on page 18 of their brief. A trial district court should not have granted the request to rule on the motion without a trial. And I would disagree that kind of my reading of it, or my interpretation of it, was it was just kind of a one-off statement, not really actually formulating an argument and making a full written argument as to what the district court should have done. I wouldn't get away with just one throwaway sentence as preserving an argument before this Court. And I would note, and I think we've talked about it with Turner, that to say Turner only says to any, no matter what the as-applied challenge is, if you want to preserve this as-applied challenge, you have to go to trial, that is simply not what Turner says. I wonder if you stipulated to enough, because I know this, Cooper and Baxter and Beasley are all open as to what time frame you're talking about. So not only the crime itself, which is what you stipulated to, but potentially, we haven't decided yet, but potentially previous convictions as well. And some of our unpublished opinions actually suggest that in the G-1 context, too. So I wonder whether there's an argument that there's not enough stipulated to here for the government to prove its case. And that's kind of where our alternative argument comes in, is that if that's the case, then at this point it is to kick it back, as the Court did in Baxter, and say, you either got to figure out how to put on more evidence. You're going to stipulate to more facts, because we, as the Court, are saying we don't have enough to rule on it. Or if the parties aren't going to stipulate to more facts, then you need to go to trial, or whatever it may be. And I would just note- But that's not what Baxter said. Baxter said, if ruling on the motion requires resolving factual issues, then resolution of the issue is likely improper before trial. It doesn't say you have to have a pretrial trial. If I said that, that's not what I would- I thought you were citing Baxter for the proposition that- No. In this case, the Court should remand for some sort of additional pretrial factual proceeding. So if the only reference to pretrial factual proceeding would be that the parties, I think, and if I'm wrong, I apologize, but I'm pretty sure Baxter said the parties can stipulate as to the facts. So the parties can stipulate as to the facts that the district court can decide upon for the motion to dismiss. So if this Court, because this is an everyday evolving issue, if this Court says, no, we simply don't have enough facts to rule on, here's what we need to consider, then we can kick it back to the district court. And if the parties decide they want to stipulate to it, you know, they can. I would know, and there are district courts who are having evidentiary hearings pretrial on these as-applied issues. Just one additional question, which is, doesn't Cooper involve stipulated facts? I know we didn't get into the procedure there, but Cooper involves stipulated facts, and we did kick it back to Judge Williams in the Cooper case for whatever procedures that Baxter set out.  Yes, and I think our, of course, initial argument is that the as-applied challenge should be successful, but our alternative is, as the Court did in Baxter and Cooper, to kick this back for additional fact-finding or to allow. But at the trial in Cooper, I don't know why it was remanded, but there was already a trial. Yes, there was a bench trial in Cooper. In Baxter, there was not. There was no hearing. It was, I think, similar to what we have here. All right. Thank you for your argument. Ms. Nidal, we'll hear from you. Ma'am, please support Emily Nidal, Assistant United States Attorney for the United States of America, Northern District of Iowa. I will start by addressing the two questions in Cooper. I would note that we are preserving our argument that 922G is constitutional in all its aspects. So the first question that the Court noted in Cooper was, does marijuana make the defendant act like someone who is both mentally ill and dangerous? I note that the Court said dangerous, opposing counsel, when she was up here arguing, changed that second component to violence or violent. And I think that's inconsistent with the opinion, although violence could be dangerous, not all dangerous is violence. Second, the second question is, did he induce terror or pose credible threats to the physical safety of others? The answers to all parts of those questions are yes in this case. Most obvious turning first to the second prong and the second part of that prong, did he pose a credible threat to the safety of others? In this case, this defendant was in a situation where he had essentially a machine gun, a weapon with a conversion device that was in his pants. And this occurred while he was driving and was trafficked south by law enforcement. So in this case, he created a physical safety danger to others when while high, he resisted officers, again, while having this loaded machine gun in his pants. Additionally, he induced terror as part of the first prong. This was an individual that was a drug trafficker. He had the enhancement as noted in the PSR. Again, driving on the streets while high with the machine gun, he had a second high-capacity magazine, or a firearm with a high-capacity magazine in the car. Looking at the Veazley opinion... Does the government contend we can look at the September incident? That was the one that was not charged, right? I think ultimately when we're looking at that aspect of terror of the people, I think it's important to look at that. September incident, in part, because what you have is... When was the September incident first put in evidence in any way? It does not appear until the PSR. And so the way this case progressed and kind of noteworthy of what the defendant asked for. So they filed their motion. They said, we want a motion. We have to file their motion, dismiss, give us a hearing. The government said, you don't get a hearing. The court said, you don't get a hearing. If you want the as-applied challenge, you have to go to trial. The trial didn't occur. A plea happens. It's a conditional plea. And in response to the plea, the district court then says, well, now what are we supposed to do? And actually asked the court, what do you want us to do? And the parties responded. Government said, well, we didn't have a trial, so you can't rule. The defense instead said, you can rule. What you should do is wait until the PSR comes out, and then at that point, you can rule on this. The court ultimately didn't wait for the PSR. It did the rule on the as-applied challenge, inconsistent with what we asked for, consistent to some degree, but on abbreviated facts. It clearly denied the motion. Yes, clearly denied the motion. And on as-applied. Yes. And I think based on the facts that the court found in there and found from our plea agreement, that would be sufficient to find in this case that he did create a danger and satisfies the Cooper questions in that it makes the finding that during the traffic incident, he has the conversion device in his pants. And I think ultimately that would be enough. Now, not stopping there, there are certainly several facts that support that within the record. And ultimately, if you do what the defendant asked for, which is look at the PSR, it's littered with facts that show that this individual created a terror. And when we look back at the Veasley decision, what was terror of the people, it was going armed, terrifying the King's subject historically. It was specifically going armed with dangerous and unusual weapons. I think the switch, the conversion device that was on this weapon makes this a dangerous and unusual weapon. Does going armed require an intent? I don't think all the analogs that were recited in that opinion require an intent. Though they certainly do. The fact you have an intent, they note that, and it is more dangerous. When we look at the September incident, which is part of why that's so important, one of the things, and it doesn't get talked a lot about, it kind of got a little bit glazed over at sentencing, but it's in the record, specifically in Governance Exhibit 2, that contained posts by this defendant that were social media posts. In one in particular, you can see the ghost gun that's later found in this September incident. It's in his pants. You can see that he's outside because you can see a sidewalk. And specifically, he said something to the effect, make sure I get the language right, leave me alone, I'm going to skoom your ass. One of the- What was the verb? Skoom, S-C-O-O-M, not specifically in the record, but my understanding of one of the versions of that is essentially murder-kill. Then it continues and says, today isn't the day, I'm not in the mood. And so this idea of terror of the people, and he's out, at least around the September incident, and that's the same firearm. Again, a ghost gun, another dangerous than usual weapon. Did the district court make all these findings? We actually have multiple firearm cases today. So I'm trying to think through the differences between them. Did the district court, I mean, your argument is well taken, but did the district court make findings on some of the things that you're arguing today? So what the district court made a finding on specifically was that this defendant was involved in drug trafficking. It found essentially that the PSR was correct because the defendant withdrew his objections. So there we have the facts like he used marijuana whenever he could, that he was a regular user. Those sort of things would have been accepted by the court. The fact that he had the firearm in his pants specifically found when the court made the finding as to the as-applied challenge, and then is, again, part of the facts that appear within the PSR. So why not just apply Baxter and Cooper and send it back so that the district court can make those findings? Does the government oppose that? Your Honor, what we would say is that we believe there's enough facts that were found by the court that are sufficient to affirm. And when the court looks at, well, if those aren't exactly enough, when we look at the facts, in this case, it's not necessary to remand it to the district court. If we disagree with you, then what's the appropriate remedy? Then the appropriate remedy is to do what the court did in Baxter and Cooper and send it back. And then most likely we're headed to trial, the reality. Well, is your position that this kind of motion should not be resolved pre-trial? Yes, Your Honor. Why shouldn't we affirm on that basis? Ultimately, if the court would like to affirm for that, we would certainly agree that in this case. Well, I thought that was your position, that the original order was correct. It is correct, Your Honor. That it should not have been ruled upon because ultimately there wasn't a trial and so the facts weren't developed. And we're not required to essentially pre-try our case. And that would be essentially what the court would be. What about the stipulation, though? We've had cases, we've had numerous cases with stipulations where we've allowed the district court to make a pre-trial ruling. I think the parties in here could stipulate. But essentially where you would be headed is a stipulation is what happened in Cooper, where they stipulated the facts for the purpose of the trial. They laid out the evidence that they thought were sufficient at that point. Certainly, we'll see what happens as Cooper goes back with the remand with different instructions. Weren't the stipulations here oriented toward the factual basis for a guilty plea? They were, Your Honor. Yes. That's what the stipulations were about, not about litigating a constitutional question. Right. And I think the plea agreement confirms that in the discussion of these are the facts to be considered, that can be considered by the court for this purpose, and they're in finding the elements. But there's no reason they couldn't do that, I mean, in the future, right? I mean, stipulate not only to the facts underlying the offense, but certainly they could stipulate to the facts that would give rise to a as-applied claim. Potentially. I think, again, you wouldn't have to, and the government could hold strong to, we think a trial is appropriate. And as noted by defense counsel, you put the defendant in a position where there's facts that you would then have to admit. So I think we're headed, the remand that would be appropriate if remanded anticipates a trial. Although presumably you could also stipulate, as I told the opposing counsel, you could stipulate to past crimes, as if you were not objecting to the PSR. You could stipulate those past crimes exist. They wouldn't be admissible necessarily at trial, but you could certainly stipulate to those. There's nothing preventing that. You could stipulate if the parties could reach the agreement. But is there any authority that the government is required to stipulate to things at pretrial in order to facilitate? No, which is why we believe a trial would ultimately be the likely, it should be remanded for and a likely outcome. I would note for the same reasons that this defendant satisfied the second question in both prongs. He would satisfy the first prong with regard to, was he acting in a way that was consistent with being mentally ill and dangerous? Again, as noted previously, dangerous and violence are not the same thing. I see my time is up. And so at this time, I'll just ask that you affirm the court's decision. Very well. Thank you for your argument. I think your time has expired. So we'll submit the case. And thank you both for your arguments.